UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GULF COAST BANK & TRUST CO., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV450 RWS |
| | ) | |
| RAPID RESPONSE, INC., f/k/a CORD FORWARDERS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This matter is before me on defendant's motion to set aside default judgment. Plaintiff moved for entry of default and default judgment against defendant for failure to answer or defend on May 27, 2009, six days after defendant's answer was due. The Clerk of the Court entered default the next day, and the Court entered default judgment against defendant on May 29, 2009 in the amount of $116,075.79. On June 2, 2009, defendant filed its motion to set aside default judgment under Rule 60(b), which permits a district court to grant a defaulting party relief from judgment because of that party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Defendant no longer seeks to set aside the entry of default[1] and admits that it owes plaintiff $60,555.75, an amount which it is willing to pay into the registry of the Court pending resolution of this matter. However, it asks me to set aside the default judgment so that it may contest plaintiff's damages in excess of $60,555.75 and seeks referral to alternative dispute resolution.

Plaintiff opposes defendant's motion but has not yet responded to defendant's proposal to

---

[1]See Def.'s Reply Brief [Doc. # 16] at 2.

set aside the default judgment only in excess of $60,555.75 and to mediate this dispute. The law highly disfavors determination of a claim through default rather than on the merits, particularly where, as here, the party seeking to set aside default concedes liability and seeks only the opportunity to test plaintiff's proof of damages. However, rather than ordering the parties to incur the additional expense of mediating the case at this time, I will defer ruling on this motion to give the lawyers the opportunity to settle this case without the involvement of a mediator. It appears to this Court that this matter could be easily resolved if the lawyers talked to one another in person or by phone, rather than by insulting one another through footnotes in pleadings filed with this court. This unprofessional behavior demeans the Court and the profession and will not be tolerated in future filings or appearances before this Court. The parties shall notify my chambers by telephone at 314-244-7430 if they are able to resolve this case. If they cannot, plaintiff shall file a memo by June 26, 2009 notifying me that they failed to settle this case, and I will proceed to issue my ruling on the pending motion to set aside default judgment.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2009.