UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GULF COAST BANK & TRUST CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV450 RWS |
| ) | |
| RAPID RESPONSE, INC., f/k/a CORD ) | |
| FORWARDERS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Because it appeared that the parties could resolve the pending motion, on June 19, 2009 I ordered them to discuss settlement and to report back to me by today, June 26, 2009. Plaintiff's counsel advised the Court by telephone that the parties were attempting in good faith to resolve their dispute and requested an extension of time, up to and including July 1, 2009, to report to the Court. Because a Rule 60(b) motion does not toll the time for appeal, the Court's normal practice is, whenever possible, to dispose of a Rule 60 motion within the thirty-day time period for appeal to avoid the piecemeal litigation that might otherwise result.[1] However, in this case the

---

[1] In Sanders v. Clemco Industries, 862 F.2d 161, 169 (8th Cir. 1988), the Eighth Circuit Court of Appeals explained:

> [A] Rule 60(b) motion must be made within thirty days of the judgment if the alleged error could have been corrected by appeal of that judgment. Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir. 1988) (per curiam); Chester v. St. Louis Hous. Auth., 820 F.2d 259, 260 (8th Cir.) (per curiam), cert. denied, 484 U.S. 899, 108 S.Ct. 236, 98 L.Ed.2d 195 (1987). The rule specifically provides, however, that even a timely motion under it "does not affect the finality of a judgment or suspend its operation." Fed.R.Civ.P. 60(b). Thus, unlike a Rule 59(e) motion, a Rule 60(b) motion does not toll the time for appeal of the judgment. Fox v. Brewer, 620 F.2d 177, 179 (8th Cir. 1980); Cline v. Hoogland, 518 F.2d 776, 778 (8th Cir. 1975). Moreover, an appeal from the denial of a motion made under Rule 60(b) does not raise the underlying judgment for review;

Court believes that an extension of time beyond the 30-day time limit is justified.

The Court appreciates counsel's efforts to settle and believes that a brief extension of time, up to and including July 6, 2009, will help facilitate the final resolution of this matter. However, the parties should understand that this Order in no way tolls the time limits for filing an appeal or any other deadlines.[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is given an extension of time, up to and including July 6, 2009, to comply with the Court's Memorandum dated June 19, 2009.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this  26  day of June, 2009.

---

> it presents the appellate court only with the question of whether the trial court abused its discretion in ruling on the motion. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); Sutherland v. ITT Continental Baking Co., 710 F.2d 473, 475 (8th Cir. 1983); Fox, 620 F.2d at 179-80; Lang v. Wyrick, 590 F.2d 257, 259 (8th Cir. 1978) (per curiam).

Id.

[2]Rule 62 permits the Court, upon appropriate terms for the opposing party's security, to stay the execution of a judgment pending the disposition of the Rule 60 motion. Fed. R. Civ. P. 62(b). Although this procedure might not be necessary before July 6, 2009 (since plaintiff requested the extension of time in an effort to resolve the case and would therefore not be expected to enforce the judgment before that date), the Court observes that defendant offered to deposit the uncontested funds due and owing to plaintiff into the registry of the Court pending final disposition of the motion, but did not file a motion to do so under Rule 62. The Court leaves it to the parties to determine how to prosecute or defend this case.